Motion for Rehearing Overruled; Majority and Concurring Opinions of
March 9, 2006 Withdrawn and Affirmed in Part, Reversed and Remanded in Part,
Substituted Majority and Concurring Opinions filed July 6, 2006








 

Motion
for Rehearing Overruled; Majority and Concurring Opinions of March 9, 2006
Withdrawn and Affirmed in Part, Reversed and Remanded in Part, Substituted
Majority and Concurring Opinions filed July 6, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-01156-CV

____________

 

ROBERT ORTIZ, Appellant

 

V.

 

ANDREW COLLINS, TIM WELSH, AND
JEREL S. TWYMAN, Appellees

 



 

On Appeal from the 295th
District Court

Harris County, Texas

Trial Court Cause No. 02-64562

 



 

S U B S T I T U T E D   C O N C U R R I N G   O P I N I O N

I respectfully concur in the result only.

I particularly note the different path I would take to the
result reached under Section III B of the majority opinion, dealing with the
alleged misrepresentations during the negotiation process.








This case involves a common situation.  The parties to the
litigation entered into settlement negotiations.  The parties did not reduce
their negotiated agreement, if any, to writing.  Thus, the agreement, if any,
was not enforceable and could not reasonably have been relied on by either
side.  See Padilla v. LaFrance, 907 S.W.2d 454, 459‑61 (Tex.
1995), and its progeny.[1]

 

 

 

 

/s/      Margaret Garner Mirabal

Senior Justice

 

 

 

 

Judgment rendered
and Substituted Majority and Concurring Opinions filed July 6, 2006.

Panel consists of
Justices Yates and Anderson and Senior Justice Mirabal* (Yates, J. majority).

 

*Senior Justice
Margaret Garner Mirabal sitting by assignment.









[1]  I respectfully disagree with the majority opinion=s reliance on the three cases: Coastal Bank; McCamish,
Martin, Brown & Loeffler; and Chapman Children=s Trust. 
All three cases involved evaluative types of misrepresentations, such as:
statement that the bank's history was Avery
satisfactory@ (Coastal Bank, 135 S.W.3d at 842‑43); an
opinion that the Trusts were guilty of tortiously interfering with the
settlement agreement (Chapman, 32 S.W.3d at 443); statement about past
Board actions in the process of giving guidance (McCamish, 991 S.W.2d at
789‑90).  None of these cases dealt with an alleged agreement by a party
or attorney to affirmatively act, or refrain from acting, in the future, as in
the present case.  If the alleged agreements in the present case had been
reduced to writing, it appears the majority would still hold that reliance on
the agreements would not have been justifiable because the representations of
agreement took place in an adversarial context (as the representations in McCamish
were in writing, 991 S.W.2d at 789).  To the contrary, I conclude these three
cases are distinguishable from, and inapplicable to, the present case.